UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TRUSTEES OF THE PLUMBERS AND
PIPEFITTERS NATIONAL PENSION FUND,
TRUSTEES OF THE INTERNATIONAL
TRAINING FUND, TRUSTEES OF THE
PLUMBERS WELFARE FUND, ADDITIONAL
SECURITY BENEFIT FUND, 401(k) SAVINGS
PLAN, HOLIDAY AND VACATION FUND,
and TRADE EDUCATION FUND,

**MEMORANDUM AND ORDER**
Case No. 04-CV-2611 (FB) (CLP)

          Plaintiffs,

  -against-

DANIEL WEINTRAUB & ASSOCIATES, INC.,
et al.,

          Defendants.
-----------------------------------------------------------x

**BLOCK, Senior District Judge:**

        On August 14, 2007, Magistrate Judge Pollack issued a Report and Recommendation ("R&R") recommending that a default judgement in the amount of $6,210,549.19 against defendants Daniel Weintraub & Associates, Inc., a/k/a Weintraub The Plumbing Co., Inc. and Daniel Weintraub (the "Weintraub defendants"), representing $4,268,966.82 in delinquent contributions, $1,147,601.85 in interest, $767,501.36 in liquidated damages and $26,479.16 in attorneys' fees and costs. The R&R directed the Clerk of the Court to send copies of the R&R to the parties by ECF or mail and stated that "[a]ny objections to this Report and Recommendation must be filed . . . within ten (10) days of receipt of this Report," and that "[f]ailure to file objections within the specified time waives the right to appeal the District Court's Order." R&R at 27. Not having any indication that the defaulting Weintraub defendants received the R&R, on September 26, 2007 this Court

ordered plaintiffs to serve a copy of the R&R on the Weintraub defendants and file proof of service with the Court; the order also required the Weintraub defendants to file any objection to the R&R within ten days of its receipt. *See* Sept. 26, 2007 Electronic Order. Copies of the R&R were served on the Weintraub defendants the next day. *See* Docket Entries 71-73 (Affidavits of Service). No party has filed any objections to the R&R.

If clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the R & R without *de novo* review. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The Court will excuse the failure to object and conduct *de novo* review if it appears that the magistrate judge may have committed plain error, *see Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000); no such error appears here. Accordingly, the Court adopts the R&R without *de novo* review and directs the Clerk to enter judgment in accordance with the R&R.

**SO ORDERED.**

/signed/

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
November 13, 2007